JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
Matrix, L.L.C.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
EEOC, 801 Market Street, Suite 1300
Philadelphia, PA 19107  (215) 440-2642

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | **LABOR** / **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage |  | [ ] 710 Fair Labor Standards Act / [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability |  | [ ] 720 Labor/Mgmt. Relations / [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act / [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  | / [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act / [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation / **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act / [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  / [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | [ ] 950 Constitutionality of State Statutes |
|  |  |  | [ ] 465 Other Immigration Actions |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991
Brief description of cause:
Unlawful employment practices on the basis of race and retaliation

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/26/11
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Equal Employment Opportunity Commission** | : | CIVIL ACTION NO. |
| v. | : | |
| **Matrix, L.L.C.** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 9-26-11 | Natasha L. Abel | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for EEOC** |
| 215-440-2686 | 215-440-2848 | Natasha.Abel@eeoc.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 801 Market Street, Philadelphia, PA 19107

Address of Defendant: 19 Avenue D, Johnson City, NY 15790-2207

Place of Accident, Incident or Transaction: Routes 1 and 22, Concordville, PA 19339
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Natasha Abel _____, counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: 9-26-11 _____   _____ [signature]   PA 92450 _____
                               Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9-26-11 _____   _____ [signature]   PA 92450 _____
                               Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 801 Market Street, Philadelphia, PA 19107

Address of Defendant: 19 Avenue D, Johnson City, NY 15790-2207

Place of Accident, Incident or Transaction: Routes 1 and 22, Concordville, PA 19339
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY*:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, Natasha Abel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9-26-11 _____  _____ Attorney-at-Law    PA 92450 _____ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9-26-11 _____  _____ Attorney-at-Law    PA 92450 _____ Attorney I.D.#

CIV. 609 (6/08)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Equal Employment Opportunity Commission )<br>_____ )<br>*Plaintiff* )<br>v. )<br>Matrix, L.L.C. )<br>_____ )<br>*Defendant* ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  James Peduto
　　　　　　　　　　　　　　　　　　Owner
　　　　　　　　　　　　　　　　　　Matrix Integrated Facility Management
　　　　　　　　　　　　　　　　　　19 Avenue D
　　　　　　　　　　　　　　　　　　Johnston City, NY  13790

　　　　A lawsuit has been filed against you.

　　　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:　Natasha L. Abel
　　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　EEOC - Philadelphia District Office
　　　　　　　　　　　　　　　　　　　　　　801 Market Street, Suite 1300
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19107

　　　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Michael E. Kunz*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Clerk of Court*

Date: _____　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                               *Server's signature*

                                                               _____
                                                               *Printed name and title*

                                                               _____
                                                               *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | |
| v. MATRIX, L.L.C., | ) ) ) | COMPLAINT |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation, and to provide appropriate relief to Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church (collectively "Charging Parties") and a class of black employees who were adversely affected by such practices while working for Defendant at a site in Concordville, Pennsylvania. The Commission alleges that Defendant discharged Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, Calvin Church, and a class of black employees because of their race. The Commission further alleges that Defendant retaliated against Barbara Palermi when she opposed a direct instruction not to hire any additional black employees, and hired black employees anyway.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Matrix, L.L.C. (the "Employer"), has continuously been a New York corporation doing business in the State of Pennsylvania and the town of Concordville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Barbara Palermi, a white supervisor, was hired on or about June 4, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

8. Reginald Byrd, a black cleaner, was hired on or about February 7, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

9. Clifton Packer, a black supervisor, was hired on or about January 10, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

10. Earl Hudson, a black cleaner, was hired on or about September 10, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

11. Derrick Jones, a black cleaner, was hired on or about February 19, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

12. Calvin Church, a black cleaner, was hired on or about June 11, 2007, to work at Defendant's client's facility in Concordville, Pennsylvania.

13. From their date of hire until their simultaneous termination on October 19, 2007, Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church all worked together with additional black class members at Defendant's client's facility in Concordville, Pennsylvania.

14. From January to October 19, 2007, Defendant Employer engaged in unlawful employment practices in Concordville, Pennsylvania, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and 3(a). These practices include the following:

    (a) Instructing Barbara Palermi not to hire any more black cleaners;

    (b) Instructing Barbara Palermi not to hire any more cleaners based upon referrals from the mostly black cleaning crew;

    (c) Instructing its mostly black cleaning crew to sit in the back of the cafeteria during break times and later disallowing them from using the cafeteria at all for their breaks;

    (d) Terminating the entire mostly black cleaning crew on October 19, 2007;

    (e) Terminating Barbara Palermi on October 19, 2007, in retaliation for her refusal to refrain from hiring black cleaners;

(f) Replacing the cleaning crew with all non-black employees obtained entirely from referrals from the new non-black supervisors.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees who were simultaneously terminated on October 19, 2007, of equal employment opportunities and otherwise adversely affect their employment status because of their race and because of Barbara Palermi's engagement in protected activity.

16. The unlawful employment practices complained of in paragraph 14 above were intentional.

17. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in practices which discriminate on the basis of race, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of an employee's protected activity, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a).

  C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for its black employees, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant Employer to make whole Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant Employer to make whole Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees, by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above, including job search expenses, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including emotional pain, suffering, mental anguish, and embarrassment, in amounts to be determined at trial.

  G. Order Defendant Employer to pay Barbara Palermi, Reginald Byrd, Clifton Packer, Earl Hudson, Derrick Jones, and Calvin Church and a class of black employees punitive damages for its malicious and reckless conduct described in paragraph 14 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                              Respectfully submitted,

                                              P. DAVID LOPEZ
                                              General Counsel

                                              JAMES L. LEE
                                              Deputy General Counsel

                                              GWENDOLYN YOUNG REAMS
                                              Associate General Counsel

                                               /s/ Debra M. Lawrence
                                              DEBRA M. LAWRENCE
                                              MD 04312
                                              Regional Attorney
                                              Debra.Lawrence@eeoc.gov

                                               /s/ Maria Salacuse
                                              MARIA SALACUSE
                                              MD 15562
                                              Supervisory Trial Attorney
                                              Maria.Salacuse@eeoc.gov

                                              [signature]
                                              NATASHA L. ABEL
                                              PA 92450
                                              Trial Attorney
                                              Natasha.Abel@eeoc.gov

                                              EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION
                                              Philadelphia District Office
                                              801 Market Street
                                              Penthouse, Suite 1300
                                              Philadelphia, PA 19107
                                              Telephone:   (215) 440-2686
                                              Facsimile:    (215) 440-2848